UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY E. HERRERA, : | |
| Petitioner : | CIVIL ACTION NO. 3:22-1946 |
| v. : | (JUDGE MANNION) |
| WARDEN ORZEN, : | |
| Respondent : | |

---

| | |
|---|---|
| JEFFREY E. HERRERA., : | |
| Petitioner : | CIVIL ACTION NO. 3:22-1947 |
| v. : | (JUDGE MANNION) |
| PA BD. OF PROB AND PAROLE, : | |
| Respondent : | |

## MEMORANDUM

Petitioner, Jeffrey E. Herrera, a former Pennsylvania Department of Corrections inmate,[1] filed the above captioned petitions for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). In both actions, Herrera challenges his underlying conviction, as well as the legality of a period of detention from March 4, 2019 through November 7, 2019. Id.

---

[1] Petitioner was released from custody on June 22, 2021, and currently resides at the Salvation Army Adult Rehabilitation Center, Binghamton, New York.

For the reasons outlined below, the petitions for writ of habeas corpus will be dismissed for this Court's lack of jurisdiction.

I. **Background**[2]

On April 22, 2020, Petitioner was sentenced to a maximum of two years of incarceration after violating his probation in a Lackawanna County criminal case. (Doc. 14-1 at 2, Sentence Status Summary).

On January 26, 2021, Petitioner was released on parole. (Doc. 14-1 at 6, Order to Release on Parole).

On April 5, 2021, Petitioner was recommitted for violating the conditions of his parole. (Doc. 14-1 at 8, Parole Board Decision).

On June 22, 2021, Petitioner was released on parole. (Doc. 14-1 at 12, Order to Release).

On June 29, 2021, Petitioner was returned to a state correctional institution after being charged with parole violations. (Doc. 14-1 at 14, Moves Report).

---

[2] The factual background has been derived from the exhibits attached to the response filed in Herrera v. Pa Bd of Probation and Parole, Civil No. 3:22-cv-1947. (See Doc. 14).

By Order dated September 15, 2021, Petitioner's April 22, 2020 sentence was vacated by the trial court. (Doc. 14-1 at 16).

Petitioner was released from a state correctional institution on September 15, 2021. (Doc. 14-1 at 14, Moves Report).

By Notice of Board Decision dated September 16, 2021, the Pennsylvania Board rescinded its April 5, 2021 action due to Petitioner's sentence being vacated and closed Petitioner's case. (Doc. 14-1 at 27).

On December 8, 2022, Petitioner filed both petitions for writ of habeas corpus challenging his underlying conviction and the legality of a period of detention from March 4, 2019 through November 7, 2019. (Doc. 1).

## II. Discussion

Petitioner can no longer attack his April 22, 2020 conviction and sentence directly as Title 28 U.S.C. §2254(a) contains a jurisdictional requirement. It states that an applicant seeking habeas relief must be "in custody" pursuant to the conviction under attack. See Maleng v. Cook, 490 U.S. 488, 490-491 (1989); Obado v. State of New Jersey, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. §2241(c)(3). The "in custody" determination is made at the time the section 2254 petition is filed. Carafas vs. LaVallee, 391

U.S. 234, 238 (1968). Once met, jurisdiction is not negated by the petitioner's subsequent release from custody while the petition is pending. Id.

The "in custody" requirement has been liberally construed for the purposes of habeas corpus and does not require that a prisoner be physically confined in order to bring a habeas corpus petition challenging his sentence. Maleng, 490 U.S. at 492. The meaning of "custody" has been broadened so that it is no longer limited in the §2254(a) context to physical custody alone but also applies where individuals are subject both to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision." Barry v. Bergen County Probation Dept., 128 F.3d 152, 160 (3d Cir. 1997) (quoting Jones v. Cunningham, 371 U.S. 236, 240, 242 (1963), and Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984) ). However, "no court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed." Bolus v. District Attorney of Lackawanna County, No. 3:CV-01-1990, 2001 WL 1352120, *1 (M.D. Pa. Oct. 26, 2001)(Caputo, J.); Maleng, 490 U.S. at 491. Additionally, where a petitioner suffers no present restraint resulting from an expired conviction, he is not "in custody" for the purposes of invoking federal habeas jurisdiction to challenge that conviction. Maleng, 490 U.S. at 492. Thus, clearly, "custody

is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or possibility thereof, there is no federal habeas jurisdiction." <u>United States ex rel. Dessus v. Pennsylvania</u>, 452 F.2d 557, 560 (3d Cir. 1971).

At the time Herrera filed his petitions he was no longer subject to the terms of his confinement, and, as such, was not "in custody" for purposes of directly challenging his April 2020 conviction and sentence. Because of the "in custody" requirement, the Court lacks jurisdiction to entertain his petitions. Accordingly, the petitions will be dismissed.

### III. **Conclusion**

In accordance with the foregoing, the petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 (Doc. 1) will be dismissed for lack of jurisdiction.

A separate Order will be issued.

**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 28, 2023**
22-1946-01